Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com
Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re

CARL LACKEY,

    Debtor.

Case No.: BK-23-50403-hlb
(Chapter 7)

**MOTION FOR (1) ORDER APPROVING SETTLEMENT AND RELEASE AGREEMENT, AND (2) DISMISSAL PURSUANT TO F.R.BANKR.P. 7041 AND 9019**

Hearing Date:  January 31, 2024
Hearing Time:  10:30 a.m.

SEE ATTACHED.

Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com
Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>CARL LACKEY,<br><br>    Debtor. | Case No.: BK-23-50403-hlb<br>(Chapter 7) |
| CAROLYN STARK, an individual,<br>MARK E. SMITH, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>CARL LACKEY, an individual,<br><br>    Defendant. | Adversary No.: 23-05014-hlb<br><br>**MOTION FOR (1) ORDER APPROVING SETTLEMENT AND RELEASE AGREEMENT, AND (2) DISMISSAL PURSUANT TO F.R.BANKR.P. 7041 AND 9019**<br><br>Hearing Date:  January 31, 2024<br>Hearing Time:  10:30 a.m. |

Debtor Carl Lackey ("Debtor" or "Lackey"), files his Motion For Order Approving Settlement And Release Agreement And Dismissal Pursuant to F.R.Bankr.P. 7041 and 9019 ("Motion"). This Motion is made under F.R.Bankr.P. 7041 and 9019. As permitted by F.R.Evid. 201, Mr. Lackey also requests the Court take judicial notice of the papers on file in this case and the pleadings in this adversary proceeding.

The Court has jurisdiction over this Motion by reason of 28 U.S.C. §§ 1334(b) and 157(a), and LR 1001(b)(1). This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (J) and (O).

**BACKGROUND**

Lackey filed his chapter 7 petition on June 13, 2023 ("Petition Date"). He has one secured creditor which holds a deed of trust encumbering his residence as security for repayment of a note. On Schedule F, he listed two creditors: Carolyn Stark ("Stark"), and Mark Smith ("Smith") each holding a judgment arising from litigation in the Second Judicial District Court in Washoe County, case no. CV 17-00434 ("Second Judicial Action"). Stark's judgment is $80,582 ("Stark Judgment") and Smith's judgment is $77,007.92. On September 7, 2023, Lackey amended his Schedules of Assets and Liabilities to reflect an equitable/beneficial interest in two funds created by third parties for his benefit. [ECF No. 32].

At the Petition date there was pending state court litigation in Douglas County, civil action 2023-cv-00052, styled as Mark Smith v. Carl Lackey ("Ninth Judicial Action"). On July 13, 2023, Lackey filed his Notice of Removal to remove the 9th Judicial Action to the Bankruptcy Court, which initiated adversary proceeding 23-05011. On October 27, 2023, the Court entered its Order Granting Motion For Abstention And Remand and For Limited Relief From Automatic Stay, sending the 9th Judicial Action back to Douglas County. [23-05011 ECF No. 16].

On September 11, 2023, Stark filed adversary proceeding 23-05014 objecting to Lackey's discharge. On that same day, Smith filed a Motion For Joinder seeking to participate as a plaintiff in that proceeding ("Smith Joinder"). This proceeding is referred to as the ("727 Action").

Mark Smith has filed ten proofs of claim in the Lackey chapter 7 case: two for himself and nine for related entities ("the Smith and Related Party Claims").

There is now pending in the Nevada Supreme Court, an appeal of a separate Second Judicial action entitled Smith v. Wakeling, Case Number CV 18-01389) (Nevada Supreme Court Case No.'s 85385 and 85889) (hereinafter "the Civil Action"). The Civil Action concerns primarily defamation claims alleged by Mark Smith and multiple entities, against employees of and the Nevada Department of Wildlife including Lackey ("Defendants"). The Civil Action was tried by a jury and a defense verdict was rendered. As a result of the Civil Action, the Defendants were awarded attorney's fees in the amount of $79,625.50, which fees remain due and owing. Following

2

trial, Plaintiffs in the Civil Action made payment of a costs award to the Defendants in the amount of $11,984.90.

## SETTLEMENT STRUCTURES

Although there are no creditors of Lackey, other than Stark and Smith, resolution of the various disputes remains subject to approval by the Court.

1. Stark v. Lackey, 23-05014: Science First, LLC ("Scient First") has acquired the Stark Judgment by assignment.[1] Upon approval of this Motion, funds tendered by Science First which are being held by Stark's counsel pending approval of the acquisition of Stark's claim will be released to Stark thereby finalizing the acquisition, Science First will then promptly dismiss 23-05014 with prejudice (each side, including Stark, to bear their own fees and costs) and the proof of claim filed by Stark will be deemed withdrawn.

2. Smith v. Lackey, 23-05014: Upon approval of this Motion, Smith will dismiss 23-05014 with prejudice, each side to bear their own fees and costs.

3. Smith v. Wakeling, et al.: Although not subject to the jurisdiction of this Court, resolution of the Civil Action is an integral part of the Smith v. Lackey dispute. Under this agreement the Defendants agree to waive and dismiss all rights to recover an attorneys' fee award issued against Smith and the Smith Related Claimants and Lackey agrees to pay $70,000 to the Nevada Department of Wildlife. The $70,000 is also being paid by Science First for the benefit of Lackey. As part of this resolution, Smith and the Smith Related Claimants agree to dismiss the Smith Joinder in 23-05014 with prejudice. Smith and the Smith Related Claimants will be deemed to have withdrawn all but one of the proofs of claim filed in the Lackey case. The one remaining claim is Claim No. 3 filed by Smith on August 20, 2023. A copy of the Settlement And Release Agreement is attached to this Motion as **Exhibit A**.

---

[1] Science First, LLC is a Nevada limited liability company formed to raise funds for the benefit of Carl Lackey to address claims against him resulting from his employment and activities as a bear control specialist for the Nevada Department of Wildlife. Disclosed at [ECF No. 32 amendment to Schedule A/B question 25].

3

**LEGAL DISCUSSION**

Proposed settlement agreements in the Ninth Circuit are generally reviewed under the four factors set forth in *In re A&C Properties*, 784 F.2d 1377 (9th Cir. 1986), *cert. denied*, 474 U.S. 854 (1986). Those factors include (1) the probability of success in the litigation, with due consideration for the uncertainty in facts and in law; (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; (3) if successful, potential issues associated with collection of a judgment, and (4) the paramount interest of creditors and deference to their reasonable views in the premises. 784 F/2d at 1381.

As noted, there are no unsecured creditors, other than Smith and the Smith Related Claimants, and Stark. As a result of Science First, LLC acquiring the Stark claim, it will dismiss the Stark 727 Action, with prejudice. As a result of the proposed settlement with Smith and the Smith Related Claimants, the Joinder in 727 Action will also be dismissed, with prejudice, and nine proofs of claim, filed by Smith and the Smith Related Claimants will be withdrawn. The sole remaining claim asserted by Smith in the Lackey case, Claim No. 3, will be litigated in the Ninth Judicial Action.

The proposed settlement brings to a conclusion various satellite litigations some of which have been in process for approximately five years, involving numerous parties in two state court actions and two appeals pending at the Nevada Supreme Court. Litigation always includes risk and results in substantial cost in terms of professional fees and time lost.

Although there are no other unsecured creditors that will be affected by the terms of these settlements, and the dismissal with prejudice of the 727 Action is voluntary, notice is still required by F.R.Bankr.P. 7041 which provides:

> Rule 41 F.R.Civ.P. applies in adversary proceedings, except that a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper.

Notice of the Motion and important details will be provided to the matrix on file with the Clerk of the Court and any party-in-interest will have an opportunity to object.

## CONCLUSION

The settlements described in this Motion resolve several complex matters and have no adverse impact upon third parties – there are no other creditors in this case. Accordingly, Lackey requests an order approving the terms of the settlements and a separate order dismissing the 727 Action, with prejudice, all sides to bear their own fees and costs.

DATED: January 2, 2024.

**HARTMAN & HARTMAN**

/s/ Jeffrey L. Hartman
Jeffrey L. Hartman, Esq., Attorney for Debtor

5