Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com
Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

In re

CARL LACKEY,

    Debtor.

Case No.: BK-23-50403-hlb
(Chapter 7)

**MOTION FOR (1) ORDER APPROVING SETTLEMENT AGREEMENT AND MUTUAL RELEASE, AND (2) DISMISSING CASE**

Hearing Date:  OST Requested
Hearing Time:  OST Requested

    Carl Lackey, Debtor in this chapter 7 case, ("Lackey") requests an Order Approving a Settlement Agreement and Mutual Release ("Settlement"), in the form attached to this Motion as **Exhibit A.** Although there are no creditors in this case affected by the Settlement, Lackey nevertheless seeks approval in accordance with F.R.Bankr.P. 9019. As permitted by F.R.Evid. 201, Lackey also requests the Court take judicial notice of the papers and pleadings on file in this case.

    The Court has jurisdiction over this Motion by reason of 28 U.S.C. §§ 1334(b), 157(a), and LR 1001(b)(1). This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (J) and (O). To the extent required, Lackey consents to the entry of a final order by this Court. LR 7008.

1

**RELEVANT FACTS**

Lackey filed his chapter 7 petition on June 13, 2023 ("Petition Date"). He has one secured creditor which holds a deed of trust encumbering his residence as security for repayment of a note. On Schedule F, he listed two creditors: Carolyn Stark ("Stark"), and Mark Smith ("Smith") each holding a judgment arising from litigation in the Second Judicial District Court in Washoe County, case no. CV 17-00434 ("Second Judicial Action"). Stark's judgment is $80,582 ("Stark Judgment") and Smith's judgment is $77,007.92. On September 7, 2023, Lackey amended his Schedules of Assets and Liabilities to reflect an equitable/beneficial interest in two funds created by third parties for his benefit. [ECF No. 32].

The Ninth Judicial Action

At the Petition date there was pending state court litigation in Douglas County, civil action 2023-cv-00052, styled as Mark Smith v. Carl Lackey ("Ninth Judicial Action"). On July 13, 2023, Lackey filed his Notice of Removal to remove the Ninth Judicial Action to the Bankruptcy Court, which initiated adversary proceeding 23-05011. On October 27, 2023, the Court entered its Order Granting Motion For Abstention And Remand and For Limited Relief From Automatic Stay, sending the Ninth Judicial Action back to Douglas County. [23-05011, ECF No. 16].

Under the terms of the Settlement which is the subject of this Motion, Lackey and Smith will jointly seek dismissal of the Ninth Judicial Action.

The Supreme Court Civil Action

At the Petition Date, there was pending in the Nevada Supreme Court, an appeal of a separate Second Judicial action entitled Smith v. Wakeling, case number CV 18-01389 (Nevada Supreme Court Case No.'s 85385 and 85889) (hereinafter "the Civil Action"). The Civil Action concerns primarily defamation claims alleged by Mark Smith and multiple entities, against employees of and the Nevada Department of Wildlife including Lackey ("Defendants"). The Civil Action was tried by a jury and a defense verdict was rendered. As a result of the Civil Action, the Defendants were awarded attorney's fees in the amount of $79,625.50, which fees remain due and owing. Following trial, Plaintiffs in the Civil Action made payment of a costs award to the Defendants in the amount of $11,984.90.

1    The Civil Action was settled.

2    The Stark 727 Action

3    On September 11, 2023, Stark filed adversary proceeding 23-05014 objecting to Lackey's discharge. On that same day, Smith filed a Motion For Joinder seeking to participate as a plaintiff in that proceeding ("Smith Joinder"). This proceeding is referred to as the ("727 Action").

On January 2, 2024, Lackey filed his Motion For (1) Order Approving Settlement And Release Agreement, And (2) Dismissal Pursuant To F.R.Bankr.P. 7041 and 9019 in Adv. 23-05014-hlb [ECF No. 27] ("Stark Matter Motion"), hearing on which was held on January 31, 2024. Both Stark and Smith filed Joinders to the Stark Matter Motion, [ECF Nos. 31 and 32]. An Order approving the Stark Matter Motion was entered on February 12, 2024 as [ECF No. 37]. As noted on the record at the hearing, the requested F.R.Bankr.P.7041 dismissal was held in abeyance pending further settlement discussions related to the Ninth Judicial Action and the sole remaining Smith Claim No. 3, filed in the chapter 7 case.

The Current Settlement

The ongoing settlement discussions resulted in the terms set forth in Exhibit A. The settling parties are: (1) Cark Lackey, (2) Mark Smith, and (3) Liberty Mutual Insurance Company ("LMIC"). Under the Settlement Agreement, Lackey will pay $60,000 in borrowed funds to Smith and LMIC will pay $60,000 to Smith in exchange for broad, mutual releases. In exchange, Smith will withdraw Proof of Claim No. 3 filed in the Lackey case and will stipulate to dismissal of the Ninth Judicial Action.

As set forth in the Settlement Lackey and LMIC will have 14 days following entry of the Order approving this Settlement within which to pay their respective payments of $60,000 to Smith for a combined total of $120,000. Following payment of these amounts, Smith's counsel will approve a form of Order Dismissing the Lackey chapter 7 case for cause pursuant to § 707(a), consistent with the applicable provisions of § 349.

**LEGAL DISCUSSION**

Proposed settlement agreements in the Ninth Circuit are generally reviewed under the four factors set forth in *In re A&C Properties*, 784 F.2d 1377 (9th Cir. 1986), *cert. denied*, 474 U.S. 854

1  (1986).  Those factors include: (1) the probability of success in the litigation, with due
2  consideration for the uncertainty in facts and in law; (2) the complexity and likely duration of the
3  litigation and any attendant expense, inconvenience and delay; (3) if successful, potential issues
4  associated with collection of a judgment, and (4) the paramount interest of creditors and deference
5  to their reasonable views in the premises.  784 F.2d at 1381.

There are no unsecured creditors, other than Smith and the Smith Related Claimants, and Stark.  The Stark claim has been settled by assignment to Science First, LLC.  Lackey and Science First, LLC have submitted a Stipulated Order For Dismissal under F.R.Bankr.P. 7041.

As a result of the proposed settlement with Smith and the Smith Related Claimants, the Joinder in 727 Action will also be dismissed, with prejudice, and all proofs of claim, including Claim 3, filed by Smith and the Smith Related Claimants have been, or will be, withdrawn.

The proposed settlement brings to a conclusion various satellite litigations some of which have been in process for approximately five years, involving numerous parties in two state court actions and two appeals pending at the Nevada Supreme Court.  Litigation always includes risk and results in substantial cost in terms of professional fees and time lost.

Although there are no unsecured creditors that will be affected by the terms of these settlements, and the dismissal with prejudice of the 727 Action is voluntary, notice is still required by F.R.Bankr.P. 7041 which provides:

> Rule 41 F.R.Civ.P. applies in adversary proceedings, except that a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper.

Notice of the Motion and important details will be provided to the matrix on file with the Clerk of the Court and any party-in-interest will have an opportunity to object.

**CONCLUSION**

Based upon the resolution of all timely filed claims, Lackey requests approval of the Settlement Agreement in the form attached as Exhibit A and an Order Dismissing the chapter 7 Petition following payment of the consideration as set forth in the Settlement.

DATED: February 27, 2024.

**HARTMAN & HARTMAN**

*/s/ Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq., Attorney for Debtor