# EXHIBIT A

# EXHIBIT A

<u>**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**</u>

*WHEREAS:*

    **A.**    <u>**The Agreement**</u>. This Settlement Agreement at times herein will be referred to as the "Agreement."

    **B.**    <u>**The Purpose and Parties to the Agreement**</u>. MARK E. SMITH ("SMITH") and CARL LACKEY ("LACKEY") have matters pending in the Ninth Judicial District Court, Douglas County Nevada, Case No. 2023-cv-00052 ("Ninth Judicial Action") and United States Bankruptcy Court, District of Nevada, Case No. 23-50403 Chapter 7 (the "Chapter 7 Case"). SMITH and LACKEY are referred to collectively herein as the "PARTIES" and each as a "PARTY." SMITH is represented by Luke Busby, Esq. in both matters and LACKEY is represented by Brian McMahon, Esq. in the Ninth Judicial Action and Jeff Hartman, Esq. in the Chapter 7 Case. LIBERTY INSURANCE CORPORATION ("LIBERTY") issued a Homeowner's insurance policy, Policy No. H37-268-916178-40 (the "POLICY"), under which LACKEY potentially qualifies as an insured with respect to the claims asserted against him in the Ninth Judicial Action and/or the Chapter 7 Case. LIBERTY denies that the POLICY provides coverage for any of the claims at issue in the Ninth Judicial Action or the Chapter 7 Case for the reasons set forth in its reservation of rights and other correspondence to LACKEY AND SMITH regarding these matters. It is the intent and purpose of this Agreement for the parties to define their settlement to resolve any and all claims existing by and between the PARTIES.

    **C.**    <u>**The Settlement Agreement Protocol**</u>. The PARTIES have agreed to settle all claims, known or unknown, which they may have now, or could have, against each other and/or any other person or party, including but not limited to: SMITH, LACKEY and/or LIBERTY arising out of or in any manner relating to the Ninth Judicial Action, the Chapter 7 Case, or the

128656794.1

events giving rise to the claims alleged in the Ninth Judicial Action. This Agreement shall be used and filed as needed in the Ninth Judicial Action and in the Chapter 7 Case.

**THEREFORE, IT IS AGREED:**

1. **The Settlement Payment.** In full and final settlement of all claims, known and unknown, between the PARTIES, LACKEY and LIBERTY shall pay SMITH the total amount of ONE HUNDRED TWENTY THOUSAND DOLLARS AND 00/100 ($120,000.00) as follows (the "PAYMENTS"):

   - **SIXTY THOUSAND DOLLARS AND 00/100 ($60,000.00)** from LACKEY in consideration of SMITH's full, complete, and final release of any and all claims and/or causes of action arising from or in any way related to the Ninth Judicial Action, the Chapter 7 Case, or the events giving rise to the claims alleged in the Ninth Judicial Action and in consideration for all duties, obligations, and promises set forth in this Agreement. LACKEY shall have fourteen (14) days to fund the settlement agreement from the date of the Bankruptcy Order approving the settlement. LACKEY specifically agrees that the amount to be paid to SMITH described above is not subject to an existing or future discharge in LACKEY'S Chapter 7 Bankruptcy in Case No. 23-5043;

   - **SIXTY THOUSAND DOLLARS AND 00/100 ($60,000.00)** from LIBERTY in consideration of SMITH's full, complete, and final release of any and all claims and/or causes of action arising from or in any way related to Ninth Judicial Action, the Chapter 7 Case, or the events giving rise to the claims alleged in the Ninth Judicial Action, the POLICY, or any other policy issued by LIBERTY under which LACKEY potentially qualifies as an insured with respect to such claims, and in consideration for all duties, obligations, and promises set forth in this Agreement. LIBERTY shall have fourteen (14) days to fund the settlement agreement from the date of the Bankruptcy Order approving the settlement;

2. **Bankruptcy Court Approval Required.** SMITH and LACKEY agree to file the necessary pleadings, documents and motions in the Chapter 7 Case to seek approval of this Agreement by Order from the Bankruptcy Court. SMITH and LACKEY shall also request the authority of the Bankruptcy Court to seek dismissal the Ninth Judicial Action with prejudice, each PARTY bearing their respective fees and costs.

Notwithstanding any other provision of this Agreement, if the Bankruptcy Court does not approve the terms of this Agreement, the Agreement shall be *void ab initio* and SMITH may continue with the Ninth Judicial Action.

3. **Stay of the Ninth Judicial Action.** While the motion seeking approval of this Agreement is pending in Bankruptcy Court, the PARTIES agree to request that the court in the Ninth Judicial Action stay that action pending an Order from the Bankruptcy Court on the Agreement.

4. **Sole Recovery.** The PAYMENTS shall constitute SMITH's full and complete recovery from LACKEY and LIBERTY.

5. **The Releases.** In exchange for the consideration described herein, including the PAYMENTS, and as described more fully below, SMITH hereby fully and completely waives, releases, and forever discharges any and all actual or potential claims against LACKEY and/or his insurers, including, but not limited to LIBERTY arising out of or related to the events giving rise to the claims asserted against LACKEY in the Ninth Judicial Action and/or the Chapter 7 Case. SMITH and LACKEY each hereby fully and completely waive, release, and forever discharge any and all actual or potential claims under the POLICY and any other policies of insurance under which LACKEY might qualify as an insured in relation to the events giving rise to the claims asserted against LACKEY in the Ninth Judicial Action and the Chapter 7 Case.

   A. **Persons/Entities Released.** Subject to approval of this settlement from the Bankruptcy Court, SMITH hereby releases the following persons and/or entities: LACKEY and all of his family members, LIBERTY, and all of its respective attorneys and representatives together with their respective past, present and future affiliates, subsidiaries, predecessors, successors, assigns, spouses, officers, directors, agents, servants, employees, attorneys, legal representatives, heirs, executors, administrators,

beneficiaries, personal representatives, sureties, insurers, guarantors, and indemnitors; and any other person or entity who may be alleged to be liable to SMITH for damages arising out of the events giving rise to the claims asserted against LACKEY in the Ninth Judicial Action and/or the Chapter 7 Case;

Subject to approval of this Agreement by the Bankruptcy Court, LACKEY hereby releases the following persons and/or entities: SMITH and all of his family members, LIBERTY, and all of their respective attorneys and representatives together with their respective past, present and future affiliates, subsidiaries, predecessors, successors, assigns, spouses, officers, directors, agents, servants, employees, attorneys, legal representatives, heirs, executors, administrators, beneficiaries, personal representatives, sureties, insurers, guarantors, and indemnitors; and any other person or entity who may be alleged to be liable to LACKEY for damages arising out of the events giving rise to the claims asserted against LACKEY in the Ninth Judicial Action and/or the Chapter 7 Case;

Subject to approval of this Agreement by the Bankruptcy Court, LIBERTY hereby releases the following persons and/or entities: SMITH, LACKEY, and all of their family members, and all their respective attorneys and representatives together with their respective past, present and future affiliates, subsidiaries, predecessors, successors, assigns, spouses, officers, directors, agents, servants, employees, attorneys, legal representatives, heirs, executors, administrators, beneficiaries, personal representatives, sureties, insurers, guarantors, and indemnitors; and any other person or entity who may be alleged to be liable to LIBERTY for damages arising out of the events giving rise to the claims asserted against LACKEY in the Ninth Judicial Action and/or the Chapter 7 Case;

    **B.**    <u>**Claims Released**</u>. SMITH, LACKEY and LIBERTY hereby release the following claims: Any and all liability, rights, claims, demands, actions, judgments, and/or

causes of action, in law or in equity, statutory or common law, contractual or extra-contractual, known or unknown, past, present or future, claimed or unclaimed, direct or indirect, fixed or contingent, liquidated or uncertain, latent or patent, of any kind whatsoever that any of them might have against the other or any other released person or entity, arising out of or in any way relating to the events giving rise to the claims asserted in the Ninth Judicial Action and/or the Chapter 7 Case, whether such claims seek:

1. Bodily injury, personal injury, wrongful death, property damage, property loss, wage loss, loss of consortium, compensatory, emotional, consequential, pecuniary, general, special, economic, hedonic, punitive, or exemplary damages;

2. Attorneys' fees, costs, or prejudgment or post-judgment interest; and/or

3. Any other measure or theory of damages actually or allegedly recoverable under law or equity, whether or not actually alleged in the Lawsuit, arising out of or in any manner relating to the Incident and/or the Lawsuit.

This expressly includes any and all claims for insurance coverage for such liability or damages arising out of the Ninth Judicial Action and/or the Chapter 7 Case, or the events giving rise to the claims asserted in the Ninth Judicial Action or the Chapter 7 Case.

    **C.**  **Mutual Release.** Subject to such court orders as may be necessary, the PARTIES and LIBERTY intend by this Agreement to settle, finally and completely, and to mutually release all claims, demands, actions, causes of action, and differences between and among the Parties to this Agreement, known and unknown, concerning the Ninth Judicial Action, the Chapter 7 Case, and/or the events giving rise to the claims asserted in the Ninth Judicial Action, including but not limited to claims for indemnity, contribution, attorneys' fees, and/or costs.

6. **Future and Unknown Claims Released.** The PARTIES acknowledge that there may arise in the future injuries or damages of which the PARTIES are not presently aware and intend the Agreement to release all rights in any way connected with any such injuries or damages which may become known in the future arising out of or in any way related to the matters released in Paragraph 5 above.

7. **Denial of Liability.** Neither the PAYMENTS, nor the execution of the Agreement itself, constitute an admission of liability on the part of the PARTIES or LIBERTY. The PAYMENTS are made in compromise and full settlement of disputed claims and the PARTIES expressly deny any and all liability.

8. **No Representations Made.** No representation of any kind concerning any subject has been made by or on behalf of the PARTIES which has in any way influenced the PARTIES' decision to enter into the Agreement.

9. **Reliance On Own Counsel.** In entering into the Agreement, the PARTIES represent they have relied upon the legal advice of their attorney(s), who is the attorney of their own choice, and that the terms of the Agreement have been completely read and explained to them by their respective attorney, and that they fully understand and voluntarily accept those terms.

10. **Warranty of Competence and Authority.** The PARTIES hereby warrant and covenant that they are over the legal age of majority in the State of Nevada, and in the State where the Agreement is executed if other than Nevada. SMITH further warrants that he is the only person or entity entitled to any payment relating to or arising out of or in any way relating to the claims he has asserted in the Ninth Judicial Action and the Chapter 7 Case and that he has sole authority to release the claims at issue.

11. **Binding Others.** The PARTIES hereby bind themselves, their guardian(s), legal representatives, successors, principals, heirs, administrators, executors, assigns, personal

128656794.1

representatives, and all legal entities over which they have control to the Agreement and to each of its terms and conditions.

    **12.** **Execution of Documents.** The PARTIES agree to execute all documents and to do all things necessary to fully effectuate the terms of the Agreement.

    **13.** **Post-Execution Survival.** The representations, warranties, agreements, and promises made in the Agreement which are contained herein shall survive the execution of the Agreement.

    **14.** **Costs and Fees.** Each party to this Agreement agrees to bear said party's own costs, attorneys' fees, and interest with respect to Incident and/or the Lawsuit.

    **15.** **Execution in Parts/Counterparts.** The Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed one and the same instrument. The Agreement is not and shall not be effective, however, unless and until each signatory to the Agreement executes the original and/or a counterpart.

    **16.** **Signatory Representations.** The undersigned declare and represent that they are competent to execute the Agreement, and that they are duly authorized, and have the full right and authority, to execute the Agreement on behalf of the Party for whom he/she is signing.

    **17.** **Amendments, Modifications, Addendums and Revisions.** No amendment, modification, addendum, or revision of the Agreement shall be valid unless it is in writing and signed by all of the PARTIES to the Agreement, in which event there need be no separate consideration therefor.

    **18.** **Waiver.** No waiver or indulgence of any breach or series of breaches of the Agreement shall be deemed or construed as a waiver of any other breach of the same or any other

provision hereof or affect the enforceability of any part or all of the Agreement, and no waiver shall be valid unless executed in writing by the waiving party.

19.     **Satisfaction of Liens.** All parties to this agreement warrant, represent, and covenant that any and all outstanding liens and/or other reimbursable amounts for any and all legal services paid or rendered on behalf of a releasee allegedly arising out of or in any manner related to the Litigated Matters will be paid and satisfied out of the Payment.

20.     **Assignment of Claims.** SMITH and LACKEY represent, warrant, and agree that they are the lawful owner of the right, title, and interest in and to every claim or matter released herein and has not assigned or transferred, nor purported to or attempted to assign or transfer, to any person or entity any claim or other matter released herein. Each party warrants that they will not in the future assign or transfer any claim or other matter released herein.

21.     **Other Actions, Suits, Proceedings or Claims.** SMITH, LACKEY and LIBERTY agree that they will not commence, maintain, initiate or prosecute, or cause, encourage, assist, advise, or cooperate with any other person or entity to commence, maintain, initiate or prosecute, any action, suit, proceeding, or claim before any court, administrative, or quasi-legal body or agency (whether state, federal, private, or otherwise), including any and all subrogation and/or lien actions, against the Releasees, or any of them, arising out of, or in any manner relating to the Ninth Judicial Action, the Chapter 7 Case, or the events giving rise to the claim asserted by SMITH in the Chapter 7 Case.

22.     **The Dismissal.** The Parties agree that the PAYMENT constitutes consideration for this Agreement, and constitutes all of the money whatsoever that SMITH will receive or is entitled to receive.

23.     **Conditions Precedent.** The following are conditions precedent to the tender of the PAYMENTS to SMITH:

a. The Parties must sign and execute this Agreement, in full;

b. The Bankruptcy Court must enter an order(s) affirming the Agreement set forth herein;

c. SMITH and LACKEY must execute a Stipulation and Proposed Order for Dismissal **with prejudice**, of the Ninth Judicial Action such that said stipulation can be filed with the Court in accord with Orders from the Bankruptcy Court;

d. Such other and further documents to complete the intent of the settlement agreement.

24. **Taxability of Settlement Proceeds**. Tax issues for any funds are the responsibility of the PARTIES.

25. **Laws of Nevada Apply**. The laws of the State of Nevada govern the terms and enforceability of the Agreement.

26. **Use of Titles**. Titles used in the Agreement are for purposes of organization only and are not to be considered as terms of the Agreement, nor are they to be used in interpretation of the Agreement or the intention of the parties to the Agreement.

[Signature Pages Follow]

I HAVE READ THIS AGREEMENT IN ITS ENTIRETY, UNDERSTAND IT, AND AGREE TO IT.

DATED this __23__ day of __February__, 2024.

*Mark Smith*
_____
MARK E. SMITH

I HAVE READ THIS AGREEMENT IN ITS ENTIRETY, UNDERSTAND IT, AND AGREE TO IT.

DATED this _____ day of _____, 2024.

_____
CARL LACKEY

I HAVE READ THIS AGREEMENT IN ITS ENTIRETY, UNDERSTAND IT, AND AGREE TO IT.

DATED this _____ day of _____, 2024.

_____
Representative of LIBERTY INSURANCE COMPANY

**APPROVED AS TO FORM AND CONTENT**

DATED this __22d__ day of __Feb.__, 2024.

_____
BRIAN McMAHON, ESQ. Counsel for Lackey

I HAVE READ THIS AGREEMENT IN ITS ENTIRETY, UNDERSTAND IT, AND AGREE TO IT.

DATED this _____ day of _____, 2024.

_____
MARK E. SMITH

I HAVE READ THIS AGREEMENT IN ITS ENTIRETY, UNDERSTAND IT, AND AGREE TO IT.

DATED this 23 day of FEBRUARY, 2024.

_____
CARL LACKEY

I HAVE READ THIS AGREEMENT IN ITS ENTIRETY, UNDERSTAND IT, AND AGREE TO IT.

DATED this _____ day of _____, 2024.

_____
Representative of LIBERTY INSURANCE COMPANY

APPROVED AS TO FORM AND CONTENT

DATED this _____ day of _____, 2024.

_____
BRIAN McMAHON, ESQ. Counsel for Lackey

I HAVE READ THIS AGREEMENT IN ITS ENTIRETY, UNDERSTAND IT, AND AGREE TO IT.

DATED this _____ day of _____, 2024.

_____
MARK E. SMITH

I HAVE READ THIS AGREEMENT IN ITS ENTIRETY, UNDERSTAND IT, AND AGREE TO IT.

DATED this _____ day of _____, 2024.

_____
CARL LACKEY

I HAVE READ THIS AGREEMENT IN ITS ENTIRETY, UNDERSTAND IT, AND AGREE TO IT.

DATED this __26__ day of ____February____, 2024.

_____*Meredith Aronse*_____
Representative of LIBERTY INSURANCE COMPANY

APPROVED AS TO FORM AND CONTENT

DATED this _____ day of _____, 2024.

_____
BRIAN McMAHON, ESQ. Counsel for Lackey

128656794.1

Page **10** of **11**

APPROVED AS TO FORM AND CONTENT

DATED this __24__ day of __Feburary__, 2023.

_____
LUKE BUSBY, ESQ. Counsel for Smith

APPROVED AS TO FORM AND CONTENT

DATED this 25th day of February, 2023.

_____
JEFF HARTMAN, ESQ. Counsel for Lackey

APPROVED AS TO FORM AND CONTENT

DATED this _____ day of _____, 2023.

_____
CASEY G. PERKINS, ESQ. Counsel for Liberty Insurance Corporation

APPROVED AS TO FORM AND CONTENT

DATED this _____ day of _____, 2023.

_____
LUKE BUSBY, ESQ. Counsel for Smith

APPROVED AS TO FORM AND CONTENT

DATED this _____ day of _____, 2023.

_____
JEFF HARTMAN, ESQ. Counsel for Lackey

APPROVED AS TO FORM AND CONTENT

DATED this 26th day of February, 2024.

_____
CASEY G. PERKINS, ESQ. Counsel for Liberty Insurance Corporation